Peter MULLER, Jr., Alex Muller, John Muller, William Muller, Marie Muller and Wilhelmina (Minnie) Sprenger, Plaintiffs and Appellants,

v.

Ann SPRENGER, Sarah Samuel, Elsie Delzer, August Muller, Jr., and Lenhardt (Leo) Muller, Defendants and Respondents.

No. 7812.

Supreme Court of North Dakota.

Oct. 11, 1960.

Milton K. Higgins and Charles L. Murphy, Bismarck, for appellants.

Heringer, Nelson & McClintock, Rugby, for respondents.

SATHRE, Chief Justice.

This is an appeal from a judgment of the district court of McHenry County, North Dakota.

The facts out of which this cause of action arose are substantially as follows:

Peter Muller Sr., died testate on or about the 1st day of April, 1951 and at the time of his death he was a resident of the City of Drake, County of McHenry, State of North Dakota, and was the owner of real and personal property situated in the counties of McHenry and Sheridan, State of North Dakota. He left a last will and testament, the pertinent parts of which are as follows:

"I, give, devise and bequeath to my sons, Peter Miller Jr., Alexander Miller, William Miller, John Miller, and to my daughters Maria Miller and Wilhelmina Springer, the following described real property in Sheridan County, State of North Dakota, to-wit:

"The Southeast quarter of the Northeast quarter (SE¼NE¼) The East half of the southeast quarter (E½ SE¼), the Northeast quarter of the Southeast quarter (NE¼SE¼) of Section Thirty-three (33) in Township One Hundred Fifty (150) North of Range Seventy-five (75) West of the 5th P.M., to have and to hold the same to themselves and to their assigns, forever, in equal shares, share and share alike.

"All of the rest, residue and remainder of my property, real personal or mixed I, give, devise and bequeath to my wife Katharina Miller, to have and to hold the same to herself and to her heirs and assigns forever.

"It is my wish that the following of my children do not share in any of my estate, to-wit: Anna Springer, Sarah Samuel, Elisa Delzer, August Miller and Lenhardt Miller. Having sufficient faith that my wife Katharina Miller will make such equitable provisions for them as she may deem meet and just.

"I hereby appoint my wife Katharina Miller, my daughter Anna Springer and my son William Miller as the executors of this my last Will and Testament, and in the event that any one of them will not act then the remainder may act. It is my wish that they may be appointed and qualify without being required to give bond or security as such executors."

The Will was signed and witnessed in the manner and form provided by law on the 25th day of May 1948.

Peter Muller Sr., was married twice. He had six children by his first marriage and five children by his second marriage.

The children by the first marriage are the plaintiffs in this action and the children of the second marriage are the defendants. There is testimony in the record to the effect that some time before the death of Peter Muller Sr., there was a meeting at a hotel in the City of Drake, McHenry County owned by the decedent, at which meeting some of the children of the first marriage and some of the children of the second marriage and Katharina Muller, widow of Peter Muller Sr., were present. At that time Katharina Muller, brought into the meeting the Will of her husband to which reference has been made herein.

It appears from the evidence that the plaintiffs, the children by the first marriage, were not satisfied with the Will of their father as they felt that it was too favorable to the children of the second marriage.

Shortly after the funeral all of the children of the first marriage and all but one of the children of the second marriage had a meeting in the City of Drake where they

discussed matters regarding their father's estate and the distribution thereof. At this meeting it was agreed by the children of both families and Katharina Muller, the mother of defendants, that they should go to Towner, North Dakota and consult an attorney.

During the meeting in the attorneys office he read the Will of Peter Muller Sr., in the presence of all the parties.

Peter Muller Jr., and William Muller, both sons of the first marriage, stated that they intended to contest their father's Will, unless an agreement was reached for a fair distribution of his estate to all of his children by both marriages. After discussion and arguments among themselves and advising with a lawyer, the parties entered into a written agreement which is as follows:

"This Agreement, made and entered into this 7th day of April 1951, by and between Peter Muller Jr., Alex Muller, John Muller, William Muller, Marie Muller, Minnie Sprenger, Ann Sprenger, Sarah Samuel, Elsie Delzer, August Muller, Leo Muller and Katharina Muller, being the widow and all heirs at law of Peter Muller Sr., deceased as a mutual agreement of all the parties hereto.

"Witnesseth, that whereas, the said Peter Muller Sr., died on or about the 1st day of April 1951, leaving real estate and personal property in the counties of McHenry and Sheridan and it is the desire of the widow and all children of the deceased to agree upon a division of said property.

"Now, therefore, all of the parties above named do hereby agree each with the other and with all others, as follows:

"Said estate shall be probated and distributed as provided by the laws of the State of North Dakota in intestacy, and that the widow of said decedent, Katharina Muller, shall receive her undivided one-third share thereof, and each of said children shall receive an undivided one-eleventh share of the remaining two-thirds thereof; William Muller and Ann Springer shall be joint administrators of said estate but in the event that William Muller can not for any reason be appointed such administrator, then Theo Muller, husband of Marie Muller, shall be appointed in his place, said administrator shall be bonded in the manner and for the amount provided by law; after said estate has been distributed in the manner above set forth the hotel property in the City of Drake, North Dakota, situated on Lots 6, 7, 8 and 9 of the original townsite of said City, shall be deeded to Katharina Muller for her lifetime with the remainder to the children of the decedent, above named; the farm property shall be deeded to the children of the decedent in equal shares, an undivided one-eleventh share to each, provided, however, that before any of said farm land is sold August Muller and Leo Muller shall have first opportunity to purchase the same or any part thereof; all the parties hereto agree to execute the necessary deeds of conveyance to carry out the provisions of this agreement, and consent and agree that such conveyance may be enforced by the proper legal action.

"In Witness Whereof, all of said parties have hereunto subscribed their names the day and year above written."

The agreement was then signed and acknowledged by the children of both families and also by Katharina Muller, the mother of the children of the second family.

Probate proceedings were thereupon commenced of the estate of Peter Muller, Sr., deceased, in the county court of McHenry County in accordance with the laws of intestacy of the State of North Dakota.

Ann Sprenger and Theodore Muller, were appointed administratrix and administrator of the estate on April 28, 1951. An inventory and appraisement was filed August 27, 1951 and on the same date Theodore Muller filed his final report and account and resigned as Administrator.

On September 27, 1951, Katharina, widow of Peter Muller Sr., deceased filed a petition for admission to probate of the Will of her husband, Peter Muller, Sr., deceased. On November 6, 1951 after due notice, the will was admitted to probate, and Ann Sprenger was appointed executrix and Reuben Dieterle was appointed administrator with the will annexed.

The plaintiffs in the instant action, children by the first marriage of Peter Muller, Sr. protested the admission to probate of his will, and appealed to the district court from the order of the county court admitting the will to probate on the ground that its provisions were superseded by the family agreement entered into by all of the heirs of their father Peter Muller, Sr.

The District Court affirmed the order of the county court admitting the Will to probate solely on the ground that the Will was executed in the manner and form provided by law. The district court made it clear, however, that it made no determination as to the validity of the family agreement, or the manner of the distribution of the estate of Peter Muller Sr., deceased. In other words, the district court held that the validity of the family agreement and the manner of distribution of the residue of the estate of Peter Muller Sr., were not issues in the case before it.

During the administration of the estate of Peter Muller Sr., deceased, and before entry of final decree of distribution, Katharina Muller, his wife died, and August Muller Jr., and Elsie Delzer were appointed administrator and administratrix of her estate.

Thereafter Anna Sprenger executrix and Reuben Dieterle administrator with

the Will annexed of Peter Muller Sr., deceased, filed with the court their report and account and petition for the distribution of the residue of the estate of Peter Muller, Sr., deceased, and on the 25th day of May 1953, the county court of McHenry County made its order amending and approving as amended the final report and account and entered its final decree of distribution of the residue of the estate as follows:

To August Muller Jr., and Elsie Delzer, administrator and administratrix of the estate of Katharina Muller, deceased, one-third interest of all of the real estate and personal property of the estate of Peter Muller Sr., deceased, and the sum of $1,500 being the personal exemption of Katharina Muller to which she was entitled as the widow of Peter Muller Sr., deceased.

To each of the eleven children of Peter Muller Sr., deceased, being all of the children of the first and second marriages, an undivided two-thirty-thirds ($\frac{2}{33}$) interest in all of the real estate and personal property described in the final report and account, the total of which constitutes two-thirds ($\frac{2}{3}$) of the residue of the estate of Peter Muller Sr., deceased.

Thereafter August Muller, Jr., and Elsie Delzer, administrator and administratrix of the estate of Katharina Muller, deceased, filed with the county court their final report and account of their administration of her estate and petition for final decree of distribution of the residue of the estate to the persons entitled thereto.

After due notice and hearing thereon the county court made its order approving said final report and account and entered its final decree of distribution vesting and assigning the residue of the estate to the five children of Katharina Muller viz.:

To Anna Sprenger, Sarah Samuel, Elsie Delzer, August Muller, Jr. and Leo (Lenhardt) Muller, each, an undivided one-fifth ($\frac{1}{5}$) interest in and to the real and person-

al property of the residue of the estate of Katharina Muller, deceased.

No appeal was taken from the said final decree of distribution.

Thereafter the plaintiffs in the instant action made demand on the defendants to convey to each of the plaintiffs an undivided one-eleventh (1/11) interest in and to an undivided one-third (1/3) interest in the residue of the estate of Peter Muller Sr., deceased, which by the final decree of the county court of McHenry County had been vested in the defendants. It is the contention of the plaintiffs that their demand for such conveyance was in accordance with the terms and conditions of the family agreement entered into by all of the children of Peter Muller Sr., the plaintiffs and defendants in the instant action and by his widow, Katharina Muller.

The defendants refused to make such conveyance and the plaintiffs brought this action for specific performance under the terms and conditions of the family agreement.

The case was tried to the court without a jury in the district court of McHenry County. Judgment was rendered in favor of the defendants for dismissal of the action, and plaintiffs appealed and demanded a trial de novo.

The judgment for the defendants rests on two grounds:

1. The plaintiffs did not appeal from the final decree of the County Court of McHenry County entered in the estate of Peter Muller Sr., deceased, and that the same has become final and that the plaintiffs are bound thereby.

2. All of the plaintiffs signed receipts for their respective shares in the estate of their father, Peter Muller Sr., deceased, and that they therefore received all that they were entitled to under the terms and conditions of the "family agreement". The receipts signed by the plaintiffs are as follows:

"I, the undersigned ———— respondent in the above entitled proceedings and case has on the date hereof received from the above named petitioners as the Executrix and Administrator with the Will Annexed of the estate of the above named Peter Muller Sr., Deceased, all of the parts, portions and shares of the undersigned in the property and estate of said decedent; and the undersigned hereby consents that the said Anna Sprenger and Reuben Dieterle may be released and discharged from all further liability as such Executrix and Administrator with the Will annexed."

There is no doubt that when the family agreement was entered into the parties clearly had in mind the distribution of all of the property owned by their father, Peter Muller Sr., at the time of his death and division of the real property after distribution by the probate court. Katharina Muller, the widow of Peter Muller Sr., was present and entered into and signed the family agreement jointly with all the children of her husband. All of the parties to the family agreement were of lawful age and competent to enter into the family agreement. The agreement was prepared by a lawyer at their request in his office after a full discussion of its terms and conditions, and it was signed and acknowledged by all of them in his presence.

The defendants contend that the plaintiffs are barred from participating in the distribution of the estate of Katharina Muller, upon the following grounds:

1. There was no consideration for the Family Agreement.

2. Plaintiffs' failure to appeal from the final decree in the estate of Peter Muller Sr., deceased.

3. The plaintiffs accepted all of the benefits under the final decree of distribution in the estate of their father, Peter Muller Sr., deceased, and gave their written receipts therefor.

We shall consider these propositions in the order stated:

It is the contention of the plaintiffs, the appellants herein, that neither their failure to appeal from the final decree of distribution entered in the estate of Peter Muller Sr., deceased, nor the fact that they executed receipts for their respective shares in two-thirds (⅔) of their father's estate, in no way changed or altered the conditions and terms of the family agreement which had been executed and acknowledged by all of the parties including Katharina Muller, mother of the defendants.

The family agreement involved herein consists of two parts: First, it provides that the estate of Peter Muller Sr., shall be probated and distributed as provided by the laws of the State of North Dakota in intestacy, and that the widow of said deceased shall receive her undivided one-third (⅓) share of the estate and each of said children shall receive an undivided one-eleventh (¹⁄₁₁) share of the remaining two-thirds (⅔) share.

The second part of the agreement provides that after the estate of Peter Muller Sr., deceased has been distributed according to the laws of intestacy the hotel property in the City of Drake, North Dakota situated on Lots 6, 7, 8 and 9 of the original townsite of Drake, North Dakota, shall be deeded to Katharina Muller, for her lifetime with the remainder to the children of the decedent being the children of both marriages. It also provides that the farm property shall be deeded to all of the children of the decedent in equal shares an undivided one-eleventh share to each.

As noted Katharina Muller, widow of Peter Muller Sr. deceased died during the administration of his estate. When the final decree was entered in the estate of Peter Muller Sr. deceased, an undivided one-third interest of all of the real estate and personal property of Peter Muller Sr., deceased, and the sum of $1,500 being the personal exemption of Katharina Muller, to which she was entitled as the widow of Peter Muller Sr., deceased, were vested in August Muller Jr., and Elsie Delzer as administrator and administratrix of the estate of Katharina Muller deceased.

With reference to the claim of lack of consideration; the family agreement is a written instrument and under Section 9–0510 NDRC 1943, consideration is presumed. Said Section is as follows:

"A written instrument is presumptive evidence of a consideration."

And Section 9–0511 NDRC 1943 provides:

"The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it."

Agreement by heirs, legatees or devisees interested in an estate for a distribution of the residue thereof is recognized and authorized by statute in this state. Section 30–2120 NDRC 1943 provides:

"If all the heirs, legatees, or devisees interested in an estate agree in writing upon a distribution and partition of the estate or the residue thereof, the county court upon the filing of such agreement may partition and distribute the estate accordingly."

The first part of the family agreement has been complied with since all the parties thereto received their portions of the undivided two-thirds (⅔) of the estate of Peter Muller Sr., deceased, and the administrators of the estate of Katharina Muller deceased received an undivided one-third (⅓) thereof. The final decree in the estate of Katharina Muller, however, vests her one-third (⅓) interest in her five children to the exclusion of the plaintiffs the children of the first marriage of Peter Muller Sr.,

The children of the first marriage, the plaintiffs, were not parties to the probate proceedings in the matter of the estate of

Katharina Muller, deceased, and were not served with notice thereof, and took no appeal from the final decree of distribution entered therein.

The question in the instant action is whether under the terms of the family agreement the plaintiffs, children of the first marriage are entitled to a conveyance to them of an undivided one-eleventh interest each, of the real property decreed to the defendants by the final decree in the Katharina Muller estate.

During the meeting in the office of the lawyer, the last Will and Testament of Peter Muller Sr., was under consideration. The lawyer read the Will in the presence of all of the parties and explained its provisions. During this meeting Peter Muller Jr., and William Muller stated that it was their intention to contest the Will of their father on the grounds of undue influence unless an agreement was reached for an equitable distribution of the estate to all of his children.

■ In 26 C.J.S. A Descent and Distribution § 73, pages 692, 693 and 694 the general rule is stated as follows:

"In the absence of fraud, undue influence, or mistake, releases between coheirs of their rights in real or personal property, and agreements entered into between them for a division of the estate are valid and will be enforced, at least where a statute specifically authorizes such agreements. When unconnected with fraud or gross injustice, written agreements entered into between heirs or distributees for a distribution of the property between them are looked on with peculiar favor by the courts and are given a liberal construction, in accordance, however, with the rules of construction and operation applicable to contracts generally."

To the same effect is the following statement from 96 C.J.S. Wills § 1110, pages 839 and 840.

"As a general rule the beneficiaries under a will may validly contract with other interested persons with respect to their respective interests in the estate, and in this manner effectively compromise their claims, if they are conflicting, or else so divide or settle the estate that all are bound by the agreement. Such contracts being in the nature of family settlements, they are usually favored by the courts, unless the settlement is attempted to be made against public policy."

With reference to the question of consideration, as we have pointed out herein, Section 9–0510 NDRC 1943 provided that written instruments or agreements are in themselves presumptive evidence of a consideration. Peter Muller Jr., and William Muller, both testified at the trial that it was their intention to contest the Will of their father on the ground of undue influence, unless an agreement was reached for an equitable distribution of the estate to all of his children. The fact that Peter Muller, Jr., and William Muller agreed to refrain from contesting the Will is in itself sufficient consideration for the agreement.

As stated in 16 Am.Jur. Descent and Distribution, Sec. 147, pages 928 and 929:

"The surrender of a reasonable bona fide claim of a right or interest suffices as consideration under the rule. The surrender of a right to contest a Will maintained in good faith is a sufficient consideration for the settlement."

■ We are satisfied therefore that there is no merit to the claim of the defendants that the family agreement was void for lack of consideration.

■ As to the claim that the plaintiff's action is barred because of their failure to appeal from the final decree of distribution entered in the estate of Peter Muller Sr., deceased, and accepting the benefits and giving receipts therefor, we think is also without merit. The final decree enter-

ed by the county court was in accordance with the conditions of the agreement entered into by the parties. The agreement stipulated that the estate of Peter Muller Sr., should be probated in accordance with the laws of the State of North Dakota in intestacy, and that is what was done. There was no occasion to appeal from this decree. In order to carry out the conditions of the agreement of the parties it was necessary first, that the estate of Peter Muller Sr., be probated in accordance with the laws of intestacy. The final decree was entered in accordance with the stipulations of the family agreement. The family agreement had reference to all the property both real and personal owned by Peter Muller Sr., at the time of his death. It included the one-third interest to which under the laws of intestacy his widow was entitled upon his death. She signed the agreement jointly with the other heirs. She died before final decree was entered in the estate of her husband, Peter Muller Sr. The final decree entered in his estate vested a one-third interest of all of his property in the personal representatives of Katharina Muller. When her estate was probated the final decree entered therein vested her one-third interest in her five children to the exclusion of the plaintiffs herein the children of the first marriage.

The claim of the plaintiffs herein does not rest upon the final decree of distribution in either the estate of Peter Muller, Sr., or the final decree in the estate of Katharina Muller. It rests solely upon the second part of the agreement entered into by all of the parties thereto including the widow. When the children by the second marriage secured title to their mother's estate they were obligated by the terms of the family agreement to make conveyances to each of the plaintiffs of an undivided one-eleventh interest of the real property vested in them by the decree. The County Court of McHenry County in approving the final account of the executrix and administrator with the Will annexed, and petition for distribution of the estate

of Peter Muller Sr., deceased, held in effect that the agreement of the parties relative to the distribution of the residue of his estate was valid and binding on the parties thereto. We quote from the order:

"It is therefore the order of this Court that the Final Report and Account of Ann or Anna Sprenger and Reuben Dieterle be approved as above recited and that the division of the property be made as provided by the laws of the State of North Dakota in intestacy being mindful of the homestead and personal property exemptions, and other terms of the agreement."

The following language in the Order of the County Court "and other terms of the agreements" undoubedly had reference to the second part of the agreement whereby it was stipulated that after the residue of the estate had been distributed in accordance with the laws of intestacy the hotel property should be deeded to Katharina Muller for her lifetime with the remainder to the children of Peter Muller Sr., and that the farm property was to be deeded to all his children in equal shares, an undivided one-eleventh share each.

Since Katharina Muller died during the administration of her husband's estate the life estate in the hotel property which was to be deeded to her by the terms of the family agreement is eliminated. It follows therefore that all of the real property is to be divided equally among all of the children of Peter Muller Sr., deceased.

■ The death of a party to a family agreement for the division of an estate does not, in the absence of intervening equities, absolve such party's personal representatives, or heirs at law, from complying with the agreement so as to make it effective between them and the surviving parties.

After careful consideration of the evidence and the entire record before us we

conclude that the agreement challenged by the defendants is in all things valid and binding upon the parties thereto. Accordingly the judgment of the District Court is reversed and the case remanded with directions to enter judgment conformably with this opinion.

This result is necessary to make the agreement effective between the surviving parties.

TEIGEN, BURKE and MORRIS, JJ., concur.

STRUTZ, J., did not participate.